## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## GORMAN MACHINE CORPORATION, Respondent.

### No. 81-1811.

United States Court of Appeals, First Circuit.

Argued May 5, 1982.

Decided June 29, 1982.

* Of the Sixth Circuit, sitting by designation.

Rosalind Rosenberg, Atty., Washington, D. C., with whom William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, William R. Stewart, Deputy Asst. Gen. Counsel, and Sandra Shands Elligers, Atty., Washington, D. C., were on brief, for petitioner.

Lawrence M. Siskind, Brockton, Mass., with whom Robert H. Greene, Brockton, Mass., was on brief, for respondent.

Before COFFIN, Chief Judge, PHILLIPS, Senior Circuit Judge, BOWNES, Circuit Judge.

PER CURIAM.

This case is before the court upon the application of the National Labor Relations Board for enforcement of its order issued July 22, 1981, against Gorman Machine Company, a Massachusetts corporation with its principal office and place of business in Brockton. Reference is made to the decision and order of the Board, reported at 257 NLRB No. 10, for a recitation of the pertinent facts.

Included in the Board's order was a requirement that the company offer to

Charles Austin, a discharged employee, immediate and full reinstatement to his former position, and make him whole, with interest, for any loss of pay suffered by reason of the discrimination against him. The brief of the Board filed in this court contains the following footnote:

The Company has complied with the provisions of the Board's order requiring it to make Austin whole because of his illegal discharge, and Austin has informed the Board that he does not wish to be reinstated. Thus, the Board does not address in this brief its finding that Austin was illegally discharged and thus entitled to reinstatement and back pay.

Upon consideration of the briefs, oral arguments and entire record, the court concludes that the decision of the Board is supported by substantial evidence on the record considered as a whole. *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). A remand for reconsideration in light of the burdens of proof announced in *NLRB v. Wright Line*, 662 F.2d 899 (1st Cir. 1981), is unnecessary because the Board did not rely upon burdens of proof, but rather determined that the Company's reason for terminating overtime was a pretext for discrimination. *See, e.g., NLRB v. Magnesium Casting Co.*, 668 F.2d 13, 16 (1st Cir. 1981). Nor do we need decide whether the appropriate standard in "change of Policy" cases is that set forth in *NLRB v. Great Dane Trailers, Inc.*, 388 U.S. 26, 34, 87 S.Ct. 1792, 1798, 18 L.Ed.2d 1027 (1967), since there was substantial evidence of anti-union motivation here "to support the Board's decision under either a *Wright Line* or *Great Dane* approach."

Accordingly, it is ORDERED that the order of the Board, including the cease and desist order, be enforced except for the requirement that Charles Austin be reinstated with back pay. Enforcement of the order with respect to the reinstatement of Charles Austin is denied for the reasons stated in the above quotation from the brief of the Board.